ANGELA LÓPEZ, Plaintiff and Appellant, v. EMILIO CHEVREMONT, Defendant and Appellee.

No. 3381.   Argued January 26, 1926.—Decided July 12, 1926.

*Eduardo López Tizol* for the appellant.   *Luis Méndez Vaz* for the appellee.

Mr. Justice Hutchison delivered the opinion of the court.

A brief history of the present controversy up to the time of the reversal of a judgment of nonsuit is contained in *Tous Soto, Guardian, etc.*, v. *Chevremont*, 31 P.R.R. 363.

The present appeal is from the following judgment:

"The final hearing of this case was had on October 8th of the current year, at which the parties and their attorneys were present and offered their evidence.

"The evidence considered as a whole, the court arrives at the following conclusions of facts:

"1. That the plaintiff was not considered in her community as a chaste woman at the time of her alleged seduction, but on the contrary she had been the common-law wife of another man.

"2. That the plaintiff has failed to prove that she suffered damages by reason of defendant's acts. On this point there was an absolute absence of evidence.

"Therefore, the court is of the opinion that the complaint should be dismissed, and to that effect enters a judgment dismissing the complaint without special imposition of costs."

On May 29, 1925, the case was disposed of *per curiam* in the following manner:

"Whereas all the members of this court agree that the final pronouncement and disposition of the case by the judgment entered by the lower court if considered alone is not so manifestly contrary to the evidence introduced at the trial as to require a reversal; and

"Whereas appellant's brief does not contain a separate assignment of error; and

"Whereas the questions that have been raised, as orally presented at the hearing, are more or less technical in so far as they may have any merit as abstract questions of law, and in the manner in which they have been submitted to our consideration impliedly admit and waive certain propositions which are more serious and fundamental and as to which this court does not unanimously agree as in the case of the question herein first referred to; and

"Whereas from a careful examination of all the evidence, it does not seem probable that a result more favorable to the plaintiff would be reached if the case were to be remanded for a new trial on more or less technical grounds; and

"Whereas we are not disposed to encourage the plaintiff to main-

tain or to subject the defendant to the continued maintenance of a controversy of this nature and of such doubtful intrinsic merit as to plaintiff's alleged right to recover damages;

"Therefore, the judgment rendered by the District Court of San Juan, Second District, on December 17, 1923, is hereby affirmed."

On August 1, 1925, a motion for rehearing was granted by a majority order of this court and the parties were invited to discuss, in addition to the points already presented, the following questions:

"1. Does the judgment determine the main issue as to whether or not plaintiff was seduced by defendant?

"2. Can the judgment be sustained upon the theory of an appeal from the final pronouncement thereof, regardless of any error in the determination of the only questions expressly decided?

"3. Is the judgment of dismissal, when expressly based upon a false finding of fact and an erroneous conclusion of law embodied therein, without mention and apparently without any consideration whatsoever of the main issue, a final determination of the rights of the parties within the meaning of section 188 of the Code of Civil Procedure?"

Appellant answers the first and third of these questions in the affirmative and in discussing the second seems content to insist upon the proposition that the judgment appealed from ought not to be affirmed but reversed. In the circumstances we need not pursue the inquiry further.

Appellant contends—

"1st. That the court erred in basing its judgment on the finding that the plaintiff was not regarded as a chaste woman at the time of her alleged seduction.

"2nd. That the court erred in holding that the supposed concubinage of Angela López with Zencovich defeated plaintiff's rights.

"3rd. That the court erred in finding that the damages suffered by the plaintiff have not been proved.

"4th. That the court erred in holding that Angela López was a woman of bad reputation, basing its finding on the testimony of Laforet and Nazario, who testified as to a single act of concubinage.

"5th. That the court erred in allowing witness Francisco Cuevas

Laforet to testify that Angela López lived in concubinage with Zencovich.

"6th. That the court committed error in allowing witness Ramón Nazario to testify on the alleged concubinage of Angela López with Zencovich.

"7th. That the court committed error in failing to sustain plaintiff's motion to strike out the whole testimony of that witness, as being immaterial.

"8th. The court erred in overruling the motion to strike out the testimony of witnesses Laforet, Nazario and Juan Oquendo, offered to impeach plaintiff's own testimony.

"9th. The court committed error in entering a judgment contrary to the pleadings and the evidence."

The first, second, fourth and fifth of the errors thus specified would not warrant a reversal if the judgment can be sustained upon other grounds under previous decisions of this court. *Paganacci* v. *Lebrón,* 24 P.R.R. 743; *Pellicier* v *Fernández,* 19 P.R.R. 111; *Gandía* v. *Pizá,* 17 P.R.R. 780; *González* v. *Collazo,* 22 P.R.R. 576; *Galán* v. *Borinquen Trading Corp.,* 32 P.R.R. 58; *Bravo* v. *Bravo,* 27 P.R.R. 410; *Guerra* v. *Acha,* 27 P.R.R. 631; *Albite* v. *Lecumberri,* 22 P.R.R. 795; *France & New York Medicine Co.* v. *Reily,* 31 P.R.R. 617.

In a number of these cases the writer has dissented or concurred in the judgment, but in the circumstances of the instant case this difference of opinion, without more, is not of sufficient importance to justify a refusal on the part of the reporting judge to deliver the opinion of the court.

Here there was no motion for a new trial or other request for findings not already made.

The failure to file such further finding is not even assigned as error. The invitation extended to appellant to challenge the existence of an adverse judgment or decision on the merits has been declined.

For the purposes of this opinion we need not question or discuss the elementary principles of law as laid down by

other courts in disposing of cases involving civil liability for seduction and relied upon in the brief for appellant.

None of the cases cited seem to have confused the idea of seduction with that of mere illicit acts or relations. If plaintiff told the truth upon the stand she had been seduced. If defendant's version of what occurred was true there was no basis for any claim of seduction. One or the other of these statements was false.

Appellant admits that the court below decided the question. And, upon the theory that a decision was reached in this regard, then, as stated in the *per curiam* judgment of May 29, 1925, no member of this court can conscientiously say that the court below manifestly erred in the weighing of the evidence.

This disposes of the eighth and ninth assignments.

No very satisfactory foundation was laid in the court below for the propositions submitted as the third, sixth and seventh grounds of appeal; and as presented in the brief they do not demand serious consideration.

The judgment appealed from must be affirmed.